UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| GLEN RILEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:12-352-JMH |
| | ) |
| V. | ) |
| | ) |
| STEVE HANEY, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Glen Riley is a prisoner incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky. Proceeding without an attorney, Riley filed a civil rights action pursuant to 42 U.S.C. § 1983 [R. 1], and the Court has granted his motion to pay the $350.00 filing fee in installments pursuant to 28 U.S.C. § 1915(b). [R. 8]

The Court must conduct a preliminary review of Riley's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Riley's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

In his complaint, Riley indicates that he was previously confined at the Northpoint Training Center in Burgin, Kentucky. Riley alleges that on February 23, 2012, he slipped and fell on some water that had dripped from overhead pipes. [R. 1, p. 4] Riley alleges that before he fell prison officials had allowed this condition to persist, and that other inmates had slipped and fallen in this area. Riley indicates that he complained and requested that the problem be fixed, but that prison officials refused to address the dangerous condition. [R. 1, pp. 5-6] Riley further alleges that prison medical staff failed to give him proper and sufficient medical care for the injuries he suffered as a result of his fall. [R. 1, pp. 5-7]

Riley has also filed a motion to amend his complaint. [R. 9] In the motion, Riley indicates that the Commissioner of the Kentucky Department of Corrections ("KDOC") denied his grievance on December 17, 2012, and that he wishes to include the information contained in the grievance to demonstrate that prison officials consistently refused to address the situation, but that he is not seeking additional damages. [R. 9, p. 2]

As a threshold matter, the Court will grant Riley's motion to amend his complaint, but only for the limited purpose described in his motion. Documents attached to Riley's motion to amend make clear that after he slipped and fell on February 23, 2012, he fell a second time on August 31, 2012. [R. 9-1, p. 2] Riley filed a grievance after the first time he fell on February 23, 2012, which the Commissioner denied on May 15, 2012 [R. 1-1, p. 5], well before he filed his complaint on November 15, 2012. [R. 1, p. 9] After he fell again on August 31, 2012, he filed a second grievance [R. 9-1, p. 4], but the Commissioner did not deny this grievance until December 17, 2012 [R. 9-1, p. 1], approximately one month after Riley filed this action.

The Court would deny a motion to amend for the purpose of adding a new claim arising out of Riley's second fall, as administrative remedies must be exhausted completely before suit is filed. *Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (failure to exhaust administrative remedies prior to filing suit cannot be cured by completing exhaustion after suit is filed and attempting to file amended complaint pursuant to Fed. R. Civ. P. 15(d)); *Fisher v. Ohio Dept. of Corrections*, No. 106cv559, 2009 WL 2246183, at *5 n.2 (S. D. Ohio July 23, 2009) (rule prohibiting amendment to cure failure to exhaust remains valid after *Jones v. Bock*, 549 U.S. 199 (2007)). However, Riley disavows any intention of adding a new claim through his proposed amendment, and instead indicates that it is intended only to establish that the problems with dripping pipes

and prison officials' response to it "is not an isolated incident." [R. 9, p. 2] The Court will permit the amendment for that limited purpose.

Riley has sued each of the defendants in their individual and official capacities. However, notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Riley's official capacity claims are therefore civil rights claims against the defendants' employer, the Kentucky Department of Corrections ("KDOC").

However, the KDOC is not subject to suit under § 1983 in federal court, both because a state agency is not a "person" subject to liability under Section 1983, and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corr.*, No. 3:07CV-P697-S, 2008 WL 4127847, at *1-2 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Dept. of Corr.*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities."). The Court therefore will dismiss the official capacity claims.

Riley has named as defendants Warden Steve Haney; Grievance Coordinator Michelle Bonta; Commissioner LaDonna Thompson; Deputy Warden of Operations Gary Prestigiacomo; Deputy David Gilpin; Correct Care; Stephanie Wilkerson; Deputy Warden of Programs Julie Thomas; and Medical Director Dr. Doug Crall. However, Riley makes no mention of, let alone allegations against, defendants Gilpin, Wilkerson, or Thomas in the complaint. The claims against them will therefore be dismissed without prejudice. While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to make allegations or create claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of

action into the complaint which are not alleged.").

The Court will likewise dismiss claims against defendants Thompson, Bonta, and Crall, as Riley does not allege (nor do the facts suggest) that they were personally involved in the conduct about which he complains.  Bonta is the grievance coordinator for the prison, and she merely denied one of Riley's grievances at the initial level of review as untimely filed.  [R. 1-2, p. 12] Thompson is the Commissioner of the KDOC, and she denied Riley's grievances regarding dripping water at the prison. [R. 1-1, p. 5] Crall is the Medical Director of the KDOC, and Riley's only allegation against him is that he failed to act after Riley sent him a one-page handwritten letter on March 8, 2012, complaining about the sufficiency of his medical care. [R. 1, p. 5; R. 1-1, p. 3]  Sixth Circuit precedent makes clear that merely responding to an inmate grievance does not constitute sufficient personal involvement with the underlying conduct complained of to warrant the imposition of liability.  *Cuco v. Fed. Med. Ctr. - Lexington*, 2006 WL 1635668, at *22 (E.D. Ky. Jun. 9, 2006) (*citing Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *aff'd*, 257 F. App'x 897 (6th Cir. 2007);  *Alder v. Corr. Med. Servs.*, 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").  The claims against these defendants will

therefore be dismissed without prejudice for failure to state a claim.

The Court has reviewed the claims against the remaining defendants, and cannot determine on the record before it whether such claims are viable.  Therefore, because the Court has granted Riley's motion to pay the filing fee in installments, the Lexington Clerk's Office and the United States Marshals Service ("USMS") will serve the defendants with a summons and copy of the complaint on his behalf.  Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** that:

1. Riley's motion to amend his complaint [R. 9] is **GRANTED** as described herein.

2. The official capacity claims against the named defendants are **DISMISSED WITH PREJUDICE**.

3. The claims against defendants Deputy David Gilpin; Stephanie Wilkerson; Deputy Warden of Programs Julie Thomas; Commissioner LaDonna Thomson; Grievance Coordinator Michelle Bonta; and Medical Director Doug Crall are **DISMISSED WITHOUT PREJUDICE**.

4. A Deputy Clerk in the Lexington Clerk's Office shall prepare a "Service Packet" for  defendants Warden Steve Haney; Deputy Warden of Operations Gary Prestigiacomo; and Correct Care, Inc.  Each Service Packet shall include:

    a.   a completed summons form;

    b.   the Complaint [R. 1] and Amended Complaint [R. 9];

    c.   this Order; and

    d. a completed USM Form 285.

 5. The Lexington Deputy Clerk shall hand-deliver the Service Packets to the USMS in Lexington, Kentucky and shall obtain a delivery receipt from the USMS.  The Deputy Clerk shall enter the delivery receipt into the record and note in the docket the date that the Service Packets were delivered to the USMS.

 6. The USMS shall personally serve the Service Packets upon defendants Warden Steve Haney and Deputy Warden of Operations Gary Prestigiacomo by hand delivery at the Northpoint Training Center, 710 Walter Reed Road, Burgin, Kentucky, 40310.

 7. The USMS shall serve Correct Care by certified mail, return receipt requested, addressed to James M. Mooney as the registered agent for service of process, at 110 North Main Street, Nicholasville, Kentucky 40356.[1]

 8. Riley must immediately advise the Lexington Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

 9. Riley must communicate with the Court *solely* through notices or motions filed with the Lexington Clerk's Office.  ***The Court will disregard correspondence sent directly to the judge's chambers.***

 10. Riley *must* mail a copy of every motion or document he

---

[1] Correct Care, Inc.'s Annual Report, dated March 4, 2013, appears to indicate that CorrectCare-Integrated Health, Inc., is the successor corporation to Correct Care, Inc., and service is directed to its registered agent.

files with the Court to each defendant (or his or her attorney); and he must certify that he has done so in writing at the end of each such motion or document. *The Court will disregard any notice or motion which does not include this certification.*

This the 23rd day of April, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge