# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-352-JMH

GLEN RILEY                                                                                PLAINTIFF

v.                                **ORDER AND**
                            **REPORT AND RECOMMENDATION**

STEVE HANEY, ET AL.                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on two motions: Plaintiff's Motion for Extension of Time (R. 44) and Defendants' Motion for Summary Judgment. (R. 40). Plaintiff's Motion for Extension of time will be **denied** by Order, for two reasons. First, Plaintiff's request for an extension of time to respond to Defendants' Motion is moot, as Plaintiff has filed a Response (R. 43) and a Supplement (R. 42). Second, Plaintiff's request for an extension of time to conduct additional discovery, filed after the expiration of the discovery deadline, will be denied because the August 1, 2013, Scheduling Order directed the parties to move for extension of any deadline before the deadline expired. (R. 21, at ¶ 6).

Also before the Court is the Motion for Summary Judgment filed by Defendants Steve Haney and Gary Prestigiacomo (R. 40), which Motion has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* R. 6). For the reasons explained below, it will be recommended that Defendants' Motion for Summary Judgment be **granted.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff, Glen Riley, is an inmate currently incarcerated at the Kentucky State Reformatory ("KSR"). Prior to his incarceration at KSR, he was an inmate at the Northpoint Training Center ("NTC") in Burgin, Kentucky. The factual allegations relevant to Defendants Steve Haney and Gary Prestigiacomo's Motion for Summary Judgment involve an incident that occurred at NTC on February 23, 2012, when Plaintiff slipped and fell on water that had accumulated on the floor outside of his cell, causing him to injure his right arm and shoulder. (R. 1, at 4). Plaintiff alleges that the water he slipped on was from leaking overhead pipes[1] that had been leaking for several years. (*Id.*).

After his slip and fall, Plaintiff filed a grievance with the Kentucky Department of Corrections. (R. 42-1, at 3). The grievance asked for the problem to be corrected or for Plaintiff to be housed in a better environment. (*Id.*). Deputy Warden Gary Prestigiacomo responded Plaintiff's grievance as follows:

> We recognize water does occasionally drip from the water line you mention in your grievance. This has been reviewed, and a quick fix is not possible. Further, when the condensation does drip, it does so in the middle of the floor which leaves ample walking space on either side. Further, when you see this happening, I encourage you to inform the dormitory officer so that he may assign the wing janitor to mop the water from the floor.

(R. 42-1, at 8).

---

[1] Plaintiff's Complaint and Response to Defendants' Motion for Summary Judgment refers to leaking overhead pipes. (R. 1; R. 42). In addition, Plaintiff complains of leaking pipes in grievances and in his Affidavit filed in support of his Response to this Motion. (*See* R. 42). Defendants, on the other hand, refer to just one leaking overhead pipe. (R. 40-1, at 1). Drawing all reasonable inferences in a light most favorable to Plaintiff, the Court proceeds under the assumption that there is more than one leaking pipe.

Warden Steve Haney concurred with Defendant Prestigiacomo's informal resolution. (R. 42-1, at 7). On review, the Commissioner agreed with the officials and denied Plaintiff's grievance on May 15, 2012. (R. 1-1, at 5).

Then, in November 2012, Plaintiff filed a second grievance regarding the leaking pipes, complaining that nothing had been done about it. (*Id.* at 6). In this second grievance, Plaintiff claims that he again slipped on water and fell on August 31, 2012. (*Id.*). Defendant Prestigiacomo's informal resolution stated that he learned Plaintiff had been moved to KSR at the time he tried to meet with Plaintiff to discuss his concerns (R. 9-1, at 4) (Plaintiff was transferred to KSR in September 2012). On December 17, 2012, the Commissioner reviewed and denied this second grievance, reporting:

> As stated at all levels of the grievance, the situation of condensation dripping from the pipes has been a problem for years at the facility and no permanent solution has been found to resolve the problem. The units utilize janitors to keep any standing water from accumulation [sic] on the wing floor. The problem is confined to a small area.

(R. 42-1, at 5).

### B. Procedural History

Plaintiff, *pro se*, filed this § 1983 action on November 21, 2012, in the Western District of Kentucky, alleging constitutional violations against several prison officials at NTC and CorrectCare. (*See* R. 1). The action was transferred to this Court on November 30, 2012. (R. 5).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court conducted a preliminary review of Plaintiff's Complaint. (R. 11, at 1). After preliminary review, Plaintiff's official capacity claims against the named Defendants and all of Plaintiff's claims against Defendants Deputy David Gilpin, Stephanie Wilkerson, Deputy Warden of Programs Julie Thomas, Commissioner LaDonna Thomson,

3

Grievance Coordinator Michelle Bonta, and Medical Director Doug Crall were dismissed. (*Id.*). As a result, a claim against CorrectCare and individual capacity claims against Warden Steve Haney and Deputy Warden of Operations Gary Prestigiacomo were the only claims that remained. (*Id.*).

Plaintiff also moved for leave to file an amended complaint to include another grievance he had filed at NTC. (R. 9) The Court permitted amendment, but only for purposes of adding subsequent factual assertions, not a new claim. (*Id.*). CorrectCare answered on May 23, 2013 (R. 14), and Defendants Haney and Prestigiacomo answered on July 7, 2013. (R. 20). On August 1, 2013, the matter was referred to the undersigned to conduct all further proceedings pursuant to 28 U.S.C. § 636(b). (R. 21).

On February 24, 2014, the undersigned, by Report and Recommendation, recommended that the Motion for Summary Judgment filed by Defendant CorrectCare be granted. (R. 45). The presiding District Judge adopted the Report and Recommendation and granted CorrectCare's Motion. (R. 47). Accordingly, the only remaining Defendants in this action are Warden Steve Haney and Deputy Warden of Operations Gary Prestigiacomo.

Defendants Haney and Prestigiacomo filed this Motion for Summary Judgment on December 5, 2013. (R. 40). Initially, Plaintiff did not respond. However, after Court Order (*see* R. 41), Plaintiff filed a Response on February 2, 2014. (R. 43). Defendants did not file a Reply. The Motion for Summary Judgment is now ripe for consideration.

## II. LEGAL STANDARD

Under the federal rules, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The purpose of summary judgment "is not to resolve factual issues, but to determine if there

are genuine issues of fact to be tried." *Wilson v. Karnes*, No. 2:06-cv-392, 2009 WL 467566, at *2 (S.D. Ohio Feb. 24, 2009) (citing *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978)). In reviewing motions for summary judgment, the Court must view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88; *Dominguez v. Correctional Medical Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). The nonmoving party, however, must provide more than a "mere scintilla of evidence"; there must be sufficient evidence on which the jury could reasonably find for the nonmoving party. *Dominguez*, 555 F.3d at 549. Also, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

### III. ANALYSIS

Defendants Haney and Prestigiacomo argue they are entitled to summary judgment on Plaintiff's claims for two reasons. First, Defendants contend Plaintiff has failed to establish an Eighth Amendment claim based on conditions of confinement. (R. 40-1, at 2). Second, Defendants assert that even if Plaintiff could raise a genuine issue of material fact with respect to his Eighth Amendment claim, Defendants Haney and Prestigiacomo are entitled to qualified immunity. (*Id.* at 5). For the reasons stated below, it will be recommended that Defendants Haney and Prestigiacomo's Motion for Summary Judgment be **granted.**

### A. Defendants Haney and Prestigiacomo are entitled to summary judgment because Plaintiff has failed to establish an Eighth Amendment violation.

Defendants Haney and Prestigiacomo are entitled to summary judgment because Plaintiff has failed to show an Eighth Amendment violation related to the conditions at NTC. Eighth Amendment

5

claims challenging conditions of confinement are subject to a two-part test, containing an objective component, as well as a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To succeed on a conditions of confinement claim under the Eighth Amendment, a plaintiff must show that the condition is, objectively, "sufficiently serious," and the prison official, subjectively, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. To meet the objective component, a plaintiff must prove that the alleged conditions deprived the inmate of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. In addition, the subjective component requires proof that the prison official was deliberately indifferent to inmate health and safety. *Farmer*, 511 U.S. at 834. Here, Defendants Haney and Prestigiacomo argue that Plaintiff has failed to satisfy both the objective and subjective components.

> **1. The leaking pipes and subsequent water accumulation do not constitute a sufficiently serious prison condition to satisfy the objective component of Plaintiff's Eighth Amendment claim.**

Viewing the evidence before the Court in the light most favorable to Plaintiff and accepting his factual allegations as true, Plaintiff has failed to establish that the conditions at NTC resulting from the leaking pipes are sufficiently serious to violate his Eighth Amendment rights. Plaintiff alleges that his Eighth Amendment rights were violated because Defendants did not repair the leaking pipes, causing him injury after he slipped and fell on the water that had accumulated on the prison floor. (R. 1, at 10). In response to Defendants' Motion for Summary Judgment, Plaintiff attached his own Affidavit stating that during the time he was incarcerated at NTC, he observed that certain overhead pipes would sweat, leak, and drip water on the floor. (R. 42-1, at 1). Plaintiff's Affidavit goes on the state that he had never seen a "CAUTION SIGN" around the wet floors, and he slipped and fell on water while walking under the overhead pipes. (*Id.*). A second Affidavit

created by another NTC inmate states that "once in a while, someone would mop up the water, but I never did see a CAUTION sign any place." (*Id.* at 2).

Other courts have held conditions similar to those presented here were not sufficiently serious to violate the Eighth Amendment. For example, in *Mills v. C.C.A.*, the court granted summary judgment in favor of prison officials where an inmate was injured after he slipped and fell on a wet prison floor. No. 1:10-15, 2010 WL 5155478, at *1 (M.D. Tenn. Dec. 14, 2010), *recommended disposition adopted by* 2011 WL 13552 (M.D. Tenn. Jan. 4, 2011). The court held that intrusion of water into his cell, even on a regular and ongoing basis, was a temporary and tolerable inconvenience, but was not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at *5. Likewise, in *Courts v. Smith*, the plaintiff also slipped and fell on standing water. No. 1:12-cv-1352, 2013 WL 174978, at *1 (W.D. Mich. Jan 16, 2013). The court held defendants could not be liable under the Eighth Amendment for Plaintiff's slip and fall because "[t]he mere fact that [p]laintiff had an accidental fall as the result of the leak does not make the objective risk sufficiently substantial to meet the objective component." *Id.* at *4; *see also Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (granting summary judgment in favor of prison officials where inmate slipped and fell on standing water while using crutches); *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (same); *Milliken v. Lightfield*, No. 2:10-cv-1412, 2013 WL 3773887, at *4-5 (E.D. Cal. July 17, 2013) *recommended disposition adopted by* No. 2:10-cv-1412 (E.D. Cal. Sept. 13, 2013) ("Absent evidence of [sic] that the leak at issue 'exacerbated the inherent dangerousness of already-existing hazards' or 'rendered [plaintiff] unable to 'provide for [his] own safety,' the leak and the puddle it created is not the type of 'extreme depravation' that violates the Eighth Amendment.'").

Accordingly, the leaking pipes and subsequent water accumulation on the prison floor are not sufficiently serious conditions to rise to the level of an Eighth Amendment violation. Furthermore, Plaintiff has not presented any additional facts or unique circumstances to merit a departure from the general rule that instances where an inmate is injured after a slip and fall on a prison floor do not constitute Eighth Amendment violations. *See Reynolds*, 370 F.3d at 1032 (finding summary judgment appropriate where plaintiff presented no special or unique circumstances to require a departure from the general rule). Thus, Plaintiff has failed to provide sufficient evidence to meet the objective component of his Eighth Amendment claim, and for this reason Defendants' Motion for Summary Judgment should therefore be granted.

> **2. Plaintiff has failed to show that Defendants Haney and Prestigiacomo were deliberately indifferent to his health and safety, as is required to satisfy the subjective component of his Eighth Amendment claim.**

Even if the water accumulation could be considered a sufficiently serious condition of confinement under the objective prong, Plaintiff has failed to establish Defendants Haney and Prestigiacomo were deliberately indifferent to his health and safety. As an initial matter, Plaintiff's Response to the present Motion for Summary Judgment focuses on the prison official's negligence. (R. 43, at 2-6). Negligence is insufficient to state a claim under the Eighth Amendment. *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001). Plaintiff, citing to *Bell v. Ward*, 88 F. App'x 124 (7th Cir. 2004), argues that "[a]ccumulation of water on the floor due to prison official's oversight shows, at most that jail officials were **negligent**. Such is the case at bar." (R. 43, at 2). However, the Seventh Circuit in *Bell* held that the plaintiff had at most "shown that jail officials were negligent, but negligence alone is not enough to support a claim of deliberate indifference." *Bell*,

8

88 F. App'x at 127. Plaintiff's argument that Defendants Haney and Prestigiacomo were negligent does not support his contention that the two were deliberately indifferent to his health and safety.

Moreover, under the Eighth Amendment, a prison official cannot be found liable "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 411 U.S. at 837. Plaintiff argues that the Defendants knew the standing water created a risk that Plaintiff would slip and fall and did nothing about it. (R. 43, at 9). It is Plaintiff's position that any response other than replacing the pipes shows that the officials had a sufficiently culpable state of mind. (R. 1, at 4). For instance, he claims that "buy [sic] not repairing the leaking pipes and Sweating [sic] pipes, proves that the Defendants didn't care about the safety of the inmates, and Plaintiff either." (R. 43, at 2). These conclusory allegations are insufficient to show that Defendants Haney and Prestigiacomo disregarded an excessive risk to inmate health and safety.

Additionally, after Plaintiff filed his first grievance, Defendant Prestigiacomo responded that the leaking pipes had been reviewed, a quick fix was not possible, and Plaintiff should inform the dormitory officer if he sees a puddle so that the wing janitor could be directed to mop the water from the floor. (R. 9-1, at 6). Both Warden Haney and the Commissioner of Corrections also replied with the same message that janitors are available and that Defendant should inform them when he observes a puddle. (*Id.* at 8, 10). Furthermore, Plaintiff even admits the water leaking from the pipes only intermittently created puddles that he himself considered to be "small." (*Id.* at 4-5). Likewise, the evidence Plaintiff attached in support of his Response reveals that the standing water

9

was mopped. (R. 42-1, at 2). Simply put, Plaintiff has presented no evidence that Defendants Haney and Prestigiacomo acted with a culpable state of mind and were deliberately indifferent to Plaintiff's health and safety. Thus, Plaintiff also cannot meet the subjective component of his Eighth Amendment claim. As such, summary judgment in favor of Defendants is appropriate on this ground as well.

      **B.**    **Defendants Haney and Prestigiacomo are entitled to summary judgment to the extent Plaintiff asserts claims against them related to his medical care.**

To the extent Plaintiff asserts claims against Defendants Haney and Prestigiacomo related to his medical care, these claims fail and the Defendants are entitled to judgment as a matter of law. Plaintiff's claims directed to his medical care are not altogether clear. As Defendants note in their Motion for Summary Judgment, Plaintiff has requested relief from them because the two officials could have "pressured" the medical department to provide the medical assistance Plaintiff requested. (R. 40-1, at 6). In response Plaintiff states, he "has showed [sic] with Medical [sic] appointments and trips to the various medical specialists, that he is injured, and hasn't been repaired as of yet." (R. 43, at 4).

Defendants are entitled to summary judgment on any claims related to Plaintiff's medical care because Plaintiff has presented no evidence that Defendants Warden Haney and Deputy Warden Prestigiacomo had any personal involvement in Plaintiff's medical treatment or medical decisions. There is no proof that these two prison officials had knowledge of Plaintiff's request for shoulder surgery or the medical department's decision to deny it. Additionally, a review of Plaintiff's medical records attached to Defendant CorrectCare's Motion for Summary Judgment does not show any involvement on behalf of Warden Haney and Deputy Warden Prestigiacomo in medical care or

decisions. (*See* R. 23-2). Absent evidence of actual knowledge or personal involvement, Defendants Haney and Prestigiacomo cannot be held individually liable under the Eighth Amendment for Plaintiff's claims related to his medical care. *See Dajani v. Montgomery Cnty., Ky.*, 59 F. App'x 740, 747-48 (6th Cir. 2003) (finding that individual defendants could not be held liable where plaintiff failed to present evidence of defendants' actual knowledge of medical decision); *Estate of Young v. Martin*, 70 F. App'x 256, 261 (6th Cir. 2003) (same); *Spencer v. Wilson*, No 6:11-128, 2012 WL 2069658, at *4 (E.D. Ky. June 8, 2012) (same).

Furthermore, Defendants Haney and Prestigiacomo argue that they are entitled to summary judgment on Plaintiff's medical claims because the doctrine of respondeat superior does not apply to actions under 28 U.S.C. § 1983. (R. 40-1, at 6-7). The Defendants are correct that "[r]espondeat superior is not a proper basis for liability under § 1983," and Plaintiff would have to show, at a minimum, that the supervisor "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). He has made no such showing. Accordingly, Defendants Haney and Prestigiacomo cannot be held liable for the actions of the NTC Medical Director on the grounds that they could have "pressured" the medical director to provide more medical assistance to Plaintiff.

      **C.**      **Summary judgment is also appropriate because Defendants Haney and Prestigiacomo are entitled to qualified immunity.**

"Qualified immunity protects public officials from liability for civil damages if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Courts follow a two-prong analysis to

determine whether a public official is entitled to qualified immunity. *Pearson,* 555 U.S. at 232. First, do the facts shown make out a violation of a constitutional right, and second, was the right at issue clearly established at the time of defendant's alleged misconduct. *Id.* If either prong is not satisfied, meaning either there is no violation of a constitutional right or the right at issue was not clearly established, the official is entitled to qualified immunity. *Martin*, 712 F.3d at 957. Under the Supreme Court's holding in *Pearson*, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. However, applying the steps sequentially is often beneficial. *Id.*

In this case, it is beneficial to begin with the first prong because a determination of whether Plaintiff has shown facts that make out a violation of a constitutional right ends the Court's inquiry. As explained above, the leaking pipes and water accumulation at issue do not constitute a violation of Plaintiff's Eighth Amendment rights. Accordingly, Plaintiff has not shown a violation of a constitutional right and cannot establish both prongs of the two-prong analysis. Consequently, Defendants Haney and Prestigiacomo are entitled to qualified immunity and cannot be held liable for Plaintiff's claims. *See, e.g., Hall v. Letcher Cnty. Fiscal Court*, No. 08-163, 2009 WL 4729953, at *8 (E.D. Ky. Dec. 9, 2009) (holding that defendants were entitled to qualified immunity where plaintiff failed to establish jail conditions violated his Eighth Amendment rights). Summary judgment for Defendants is therefore also appropriate on this basis.

## IV. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** that Plaintiff's Motion for Extension of Time (R. 44) is hereby **denied as moot.**

For the reasons stated above, it is **RECOMMENDED** that Defendants Steve Haney and Gary Prestigiacomo's Motion for Summary Judgment (R. 40) be **granted** and that a final judgment be entered, all claims in this action having been addressed by the Court.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within **fourteen (14) days** of being served with those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 25th day of April, 2014.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\opinions-other\12-352 R&R on Haney & Prestigiacomo MSJ.wpd